TIMOTHY H. BARNES, P.C.
2400 East Arizona Biltmore Circle, Suite 1300
Phoenix, Arizona 85016
(602) 955-3410 Direct
(602) 955-3409 Facsimile
tbarnes@bihlaw.com

Timothy H. Barnes (SBN 003373)
*Attorney for Plaintiff*

United States District Court

For the District of Arizona

| | |
|---|---|
| JEREMY HASS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>AMERICAN EXPRESS BANK, FSB, a federal savings bank,<br><br>　　　　　Defendant. | Civil Action No.<br>_____<br><br>**COMPLAINT** |

Jeremy Hass ("Plaintiff"), for his Complaint against American Express Bank, FSB ("Defendant"), alleges as follows:

**Parties, Jurisdiction and Venue**

1.　Plaintiff is a citizen of Arizona.

2.　Defendant is a federal savings bank that does business throughout the United States of America.

3.　This action arises under a federal statutes, 15 U.S.C. § 1643 and § 1666. This court has jurisdiction pursuant to 28 U.S.C. § 1331 and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

4.　Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), (c).

**General Allegations**

5.　Plaintiff is an American Express Cardmember by reason of Defendant, prior to the events which are the subject of this action, having issued to Plaintiff a Business Platinum Card® ("Plaintiff's Credit Card").

1

6. Plaintiff and Defendant are parties to the American Express Cardmember Agreement (the "Agreement") attached hereto as Exhibit 1.

7. The Agreement sets out various terms and procedures to which the parties have agreed and are contractually bound.

8. Pursuant to the terms of the Agreement, which incorporates applicable federal statutory law, Defendant is obligated to follow a billing dispute procedure.

**Unauthorized Use of Plaintiff's Credit Card**

9. In November, 2010, the following charges; on the following dates, were made to Plaintiff's Credit Card:

    A. $31,000.00 on November 1, 2010;
    B. $65,000.00 on November 1, 2010;
    C. $30,000.00 on November 5, 2010;
    D. $45,000.00 on November 8, 2010;
    E. $75,000.00 on November 10, 2010;
    F. $45,000.00 on November 12, 2010; and
    G. $60,000.00 on November 15, 2010.

Collectively, the charges described in paragraphs 9(A) through (G) shall be referred to as the "Unauthorized Charges".

10. The Unauthorized Charges were made without Plaintiff's knowledge or authorization.

11. The Unauthorized Charges were made by Hybrid Media Services, LLC ("HMS").

12. The Unauthorized Charges were for services provided by HMS to The 800 Exchange, LLC ("800 Exchange").

13. Plaintiff, nor his company, did business with HMS in the time period of November 1 – 15, 2010.

14. On information provided to Plaintiff by Defendant, the Unauthorized Charges were made based upon fraudulent documents created by Edward Shin ("Shin"), the principal of 800 Exchange.

15. Plaintiff did not provide HMS with Plaintiff's Credit Card number or its expiration date.

16. HMS did not have the actual, implied or apparent authority of Plaintiff to make the Unauthorized Charges to Plaintiff's Credit Card Account.

**Good Faith Effort to Obtain Refund**

17. When the initial of the Unauthorized Charges appeared on Plaintiff's Credit Card account, Plaintiff questioned Shin about why HMS would have made a charge on Plaintiff's Credit Card account.

18. On November 5, 2010, Shin advised Plaintiff that the charge by HMS was going to be reversed; and on November 8, 2010, Shin advised Plaintiff that Plaintiff's Credit Card account should be credited in the morning.

19. After the next four of the Unauthorized Charges appeared on Plaintiff's Credit Card account, Shin advised Plaintiff that Shin would call HMS immediately to find out why HMS was charging Plaintiff's Credit Card.

20. When Plaintiff had not received a credit to Plaintiff's Credit Card account for the Unauthorized Charges, on November 22 and 23, 2010, Plaintiff communicated with HMS regarding reversal of the Unauthorized Charges.

**Attempt to Remove Billing Error**

21. In or about November, 2010, Plaintiff contacted Defendant to advise Defendant of the Unauthorized Charges made by HMS.

22. On or about January 4, 2011, Defendant sent a letter (and various enclosed documents) to Plaintiff providing Plaintiff with the explanation by HMS for making the Unauthorized Charges on Plaintiff's Credit Card.

23. On January 7, 2011, Plaintiff was advised by Defendant that Defendant had opened separate fraud cases for each of the Unauthorized Charges.

24. On January 27, 2011, Plaintiff sent a letter (and various enclosed documents) to Defendant in which Plaintiff detailed why the Unauthorized Charges are fraudulent and not authorized by Plaintiff.

25. On April 1, 2011, Defendant sent a letter (and various enclosed documents) to Plaintiff in which Plaintiff concluded that Plaintiff had authorized the Unauthorized Charges.

26. On April 8, 2011, Plaintiff sent a letter (and various enclosed documents) to Defendant in which Plaintiff advised Defendant that documents relied upon by Defendant were forged and that Plaintiff did not authorize the Unauthorized Charges.

27. On April 19, 2011, Plaintiff sent a letter to Defendant requesting that Defendant provide the documents upon which Defendant relied to conclude that no fraud had occurred in relation to the Unauthorized Charges.

28. On April 22, 2011, Defendant sent a letter to Plaintiff in which Defendant asserted that Plaintiff provided Plaintiff's Credit Card number and expiration date to HMS and was therefore liable for the Unauthorized Charges.

### First Claim for Relief
(Fair Credit Billing Act – 15 U.S.C. § 1643)

29. Plaintiff incorporates herein by reference, the allegations in paragraphs 1 through 29, above.

30. Plaintiff's liability for the Unauthorized Charges is limited to $50.00; and in no event more than $500.00.

31. By reason of Defendant's failure to comply with 15 U.S.C. § 1643, Plaintiff has suffered actual damages in the principal amount of the Unauthorized Charges which Defendant improperly charged to Plaintiff's Credit Card account.

### Second Claim for Relief
(Fair Credit Billing Act – 15 U.S.C. § 1666)

32. Plaintiff incorporates herein by reference, the allegations in paragraphs 1 through 29, above.

4

33. Defendant failed to make appropriate corrections to remove the Unauthorized Charges from Plaintiff's Credit Card account.

### Third Claim for Relief
(Breach of Contract)

34. Plaintiff incorporates herein by reference, the allegations in paragraphs 1 through 29, above.

35. Defendant failed to make appropriate corrections to remove the Unauthorized Charges from Plaintiff's Credit Card account and thereby Defendant breached the Agreement.

36. By reason of Defendant's breach of the Agreement, Plaintiff has suffered damages in the amount of the Unauthorized Charges.

37. This claim for relief is an action arising out of contract and therefore under Arizona Revised Statutes § 12-341.01, Plaintiff is entitled to recover his reasonable attorneys' fees from Defendant incurred in bringing this Third Claim for Relief.

### Fourth Claim for Relief
(Breach of Covenant of Good Faith and Fair Dealing)

38. Plaintiff incorporates herein by reference, the allegations in paragraphs 1 through 29 and paragraphs 35 through 37, above.

39. By its actions, Defendant breached the covenant of good faith and fair dealing implied in the Agreement that neither party to a contract will act to impair the rights of the other to receive the benefits of the Agreement.

40. By reason of Defendant's breach of the Agreement, Plaintiff has suffered damages in the amount of the Unauthorized Charges.

41. This claim for relief is an action arising out of contract and therefore under Arizona Revised Statutes § 12-341.01, Plaintiff is entitled to recover his reasonable attorneys' fees from Defendant incurred in bringing this Fourth Claim for Relief.

Wherefore, Plaintiff prays that this court award judgment in favor of Plaintiff and against Defendant as follows:

1      A.    On the First and Second Claims for Relief, Plaintiff prays for judgment in his favor and against Defendant for the actual damages sustained by Plaintiff, namely the principal amount of Unauthorized Charges, together with prejudgment and post-judgment interest thereon until paid in full;

     B.    In the event the relief sought above is not granted, on the First and Second Claims for Relief, Plaintiff prays for judgment in his favor and against Defendant for statutory damages, together with interest thereon from the date of judgment until paid;

     C.    On the Third and Fourth Claims for Relief, for judgment in favor of Plaintiff and against Defendant in the principal amount of the Unauthorized Charges, together with interest at the legal rate of interest from the date of each of the Unauthorized Charges until paid in full;

     D.    On the Third and Fourth Claims for Relief, for an award of such amount of Plaintiff's attorneys' fees as this court finds reasonable pursuant to A.R.S. § 12-341.01, together with interest thereon from the date of judgment until paid in full;

     E.    For Plaintiff's taxable court costs incurred in bringing this action, together with interest thereon from the date of judgment until paid in full; and

     F.    For such other relief as this court deems appropriate under the circumstances of this action.

                                                                TIMOTHY H. BARNES, P.C.

                                                                By: /s/ Timothy H. Barnes (SBN 003373)
                                                                    Timothy H. Barnes
                                                                    Attorneys for Plaintiff